Michael A. Taibi, Esq. SBN 160041
TAIBI & ASSOCIATES, A.P.C.
750 "B" Street, Suite 2510
San Diego, CA 92101
Tel: (619) 354-1798    Fax: (619) 784-3168
Email: matlaw1@ymail.com

Attorney for the Plaintiff JERRY JACKSON

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>WD TOMA, INC. dba HOT DOG BAR, ANTHONY L ALLOS LIVING TRUST 06-01-90, PETER P & DORIS K ALLOS LIVING TRUST 04-30-90, and DOES 1-10, INCLUSIVE.<br><br>Defendants. | CASE NO. '18CV0825 DMS BLM<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE |

Plaintiff, JERRY JACKSON, (hereinafter referred to as "Plaintiff"), files his causes of action within this Civil Complaint against Defendant(s), WD TOMA, INC. dba HOT DOG BAR, ANTHONY L ALLOS LIVING TRUST 06-01-90, PETER P & DORIS K ALLOS LIVING TRUST 04-30-90, (Herein known as "Defendants") and DOES 1 through 10, Inclusive, and would show unto the Court the following:

## I. JURISDICTION AND VENUE

1.    This Court has original jurisdiction regarding this matter pursuant to 28 U.S.C. Section 1331 and 1343(a)(3) and (a)(4) for claims arising under the Americans with Disabilities act of 1990, 42 USC Section 12101, et seq.

2.    Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same center of operative facts; and, arising out of the same transactions this matter is also brought under California's Unruh Civil Rights Act Civil Code Section 51, and the California Disabled Persons Act, and the Disabled Persons Act, Civil Code Section 54, et seq., which expressly incorporates under common law theories and for injunctive relief

3.    Venue is proper in this court pursuant to 18 U.S.C. Section 139(b) and is founded on the fact that the real property and business location, which is the subject of this action, is located in the District where the Plaintiff's cause(s) of action arose.

4.    All causes of action based on Federal law and those based on State law, as states, arose from a commonality of operative facts. Plaintiff was denied equal access to Defendants facility, goods, and services in violation of both Federal and State laws or was and/or was injured due to violations of the afore-referenced access laws. The State causes of action included in Plaintiff's complaint are related to the Federal causes of action as they derive from the same controversy. Therefore, the issues are best tried in one judicial proceeding.

Plaintiff also brings forth the action as a private Attorney General under State law to enforce important rights of all similarly disabled persons. Therefore, the Plaintiff acted as a private Attorney General, through his attorney, to enforce the Federal Regulations and applicable California Codes to ensure that the WD TOMA INC dba HOT DOG BAR ("HOT DOG BAR") is accessible for all disabled persons and not just himself.

## II. PARTIES

5. Plaintiff alleges that Defendants are, and at all times mentioned, were a business, corporation or franchise organized and existing and/or doing business under the laws of the State of California, WD TOMA, INC. dba HOT DOG BAR, ANTHONY L ALLOS LIVING TRUST 06-01-90, PETER P & DORIS K ALLOS LIVING TRUST 04-30-90, located at 738 Fifth Avenue., San Diego, California 92101, (herein sometimes known as "property"). Plaintiff alleges that Defendant is, and at all times was, the owner/operator, lessee or lessor of the facility located at the property.

6. Plaintiff alleges that DOES 1 through 10 were at all times relevant lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principals and/or representatives of Plaintiff. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source. Defendant and DOES 1 through 10 are hereinafter collectively referred to as "Defendants".

7. Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, partner companies, joint ventures and/or divisions of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and therefore alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

8. Plaintiff is a qualified individual with a disability as provided by the Americans with Disabilities Act of 1990, 42 USC Section 12102, and the California Unruh Civil rights Act, Sections 51, et seq. and 52, et seq., the Disabled Persons Act, Sections 54, et seq., Govt. Code, Sections 12926, and other statutory measures that refer to the protection of the rights of "physically disabled persons". Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants.

### III. FACTS

9. Plaintiff alleges that the subject facility has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have failed to comply with California access standards which applied at the time of each such new construction and/or alteration or failed to maintain accessible features in operable working condition.

10. Plaintiff is mobility impaired and uses a wheelchair. He has been classified as having a physical impairment, as required by 42 USC Section 12102(2)(A) and requires a wheel chair for mobility and to gain access to public establishments.

11. On or about September 20, 2017, Plaintiff was denied full and equal access to the HOT DOG BAR, owned and/or operated by the Defendants because the property was inaccessible to individuals belonging to the disabled community who use wheel chairs for mobility. Full accessibility was denied due to a lack of access to the premises. The HOT DOG BAR, is a food and dining facility and, a business open to the public, a place of public accommodation, and a business establish open to the public.

Plaintiff states that there was no outdoor seating on the patio available for him and no designated or alternative table would accommodate his wheel chair. His wheelchair must be able

to fit under the table without the barriers of four-legs attached to the table, the table must be high enough to accommodate his wheelchair, and there must be clear accessibility around the table for him to be able to maneuver the wheelchair. Plaintiff asked an employee if there was outdoor seating for disabled persons and was told that there is no other outdoor seating available. There was no outdoor table present that would meet these required accommodations at HOT DOG BAR.

Plaintiff was unable to gain full use of the outside/patio dining area and, therefore, was barred from full access to the facilities. He was unable to enjoy the facilities to which a disabled person is entitled.

Plaintiff states that there was no counter seating for him and no designated or alternative counter seating. His wheelchair must be able to fit under the counter without barriers, the counter must be low enough to accommodate his wheelchair, and there must be clear accessibility around the counter for him to be able to maneuver the wheelchair. The existing counter is too high for Plaintiff to reach the surface for seating accommodation. There should be a drop-down designated counter for disabled persons. Plaintiff asked an employee if there was additional counter seating for disabled persons and was told that there is no other counter seating available. There was no counter seating present that would meet these required accommodations at HOT DOG BAR.

Plaintiff was unable to gain full use of the counter seating and, therefore, was barred from full access to the facilities. He was unable to enjoy the facilities to which a disabled person is entitled.

Plaintiff desires to return and patronize but is barred from fully accessing the premises until Defendant(s) cure the violations. Plaintiff occasionally patronizes business in the immediate area and he would like to return and patronize the HOT DOG BAR. in the future.

Based on the fact that the restroom facilities do not exist for disabled persons, an ADA specialist was retained by Plaintiff's attorney who determined that the dining area and counter seating are indeed not ADA accessible as no seating facilities are designated for disabled persons nor is there an alternative seating area that can accommodate a disabled person.

Defendants are required to modify any discriminatory policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

12. Defendants' discrimination caused Plaintiff to suffer harmful injuries including difficulty, discomfort and embarrassment.

13. The harmful conduct of Defendants has and will cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including those to Plaintiff, denies Plaintiff access the facilities in the HOT DOG BAR and, therefore, is in violation of the ADA Accessibility Guidelines and/or California Title 24 Building Code requirements, and/or other applicable Codes, statutes and/or other regulations.

14. Plaintiff alleges that Defendants have continues to operate a business open to the public which is inaccessible to him and other individuals with disabilities. Pursuant to 42 USC Section 12188(a), Defendants are required to remove barriers to their existing facility. Plaintiff further alleges that removal of the barriers described in this complaint is readily achievable and can be removed with minimal difficulty or expense. Or, equivalent facilities may be provided without much difficulty or expense. Defendants are also required to modify any discriminatory

policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

Plaintiff's attorney retained the services of WILLIAM CARTER an ADA Specialist, to inspect the property and write a report of violations. A detailed report was prepared and filed with this complaint. (See attached as Exhibit "A")

15. Plaintiff alleges that the discriminatory policies, practices and procedures, precluding him and other disabled persons from full access of the public accommodations will continue to exist for any future visits, which will result in future discrimination of Plaintiff and other disabled persons in violation of the Americans with Disabilities Act.

### IV. FIRST CLAIM FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT 42 USC SECTION 12101, et seq.

16. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive as set forth herein.

17. Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC Section 12182(a). Therefore, Plaintiff was subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC Section 12188 as a result of the actions or inaction of Defendants.

18. Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations that exist at the property, requiring removal of architectural barriers and modification of policies, practices, and procedures, and other relief as the Court may deem proper.

19. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

## V. SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE

20. Plaintiff alleges and incorporates by reference each allegation contained in paragraph 1 through 19, inclusive as set forth herein.

21. Under ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodation, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation pursuant to 42 U.S.C. Section 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work as a fundamental alteration of those services and facilities pursuant to 42 U.S.C. Section 1218(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable pursuant to 42 U.S.C. Section 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c. A failure to make alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to

and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephone, drinking fountains, serving the altered area, are readily accessible to and usable by individuals with disabilities pursuant to 42 U.S.C. Section 1218(a)(2).

22.  Plaintiff alleges that based on the facts placed in this complaint, Defendants did, and continues to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to the facility to purchase goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code Sections 51 and 54, et seq.

23.  Plaintiff alleges that Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code Sections 51 and 54, et seq., and therefore, entitling him to damages under California Civil Code Section 54.3 for each offense. Plaintiff suffered difficulty, discomfort and embarrassment because of his denial to full and equal access as stated above. The amount of damages suffered by plaintiff is not yet determined. When the amount is determined, Plaintiff will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to attorneys' fees and costs.

24.  The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California civil Code Sections 51 and 54, et seq., therefore entitling Plaintiff to damages suffered by him under civil code section 52 for each offense. The amount of damages suffered by plaintiff has not yet been determined. When the amount has been determined, Plaintiff will

ask the court for leave to amend this complaint to reflect this amount. In addition, the Plaintiff is entitled to attorneys' fees and costs.

25. The actions of Defendants are in violation of the California Civil Code Sections 51, et seq. as they were willfully, deliberate and reckless in nature for the rights of disabled persons including Plaintiff. Therefore, Plaintiff is entitled to punitive and exemplary damages or treble damages pursuant to California Civil Code Sections 52 and 54.3, et seq. and under common law principles.

26. Plaintiff seeks all of remedies available to him under Civil Code Sections 51, 52, et seq., 54, 54.1, 54.2, 54.3, and any other Civil code sections that provide remedies for the discrimination suffered by Plaintiff, including damages and attorneys' fees

## VI. THIRD CLAIM FOR NEGLIGENCE PER SE

27. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25, inclusive as set forth herein.

28. At all times relevant herein, there was in effect the Americans with Disabilities Act, California Civil Code Sections 51 and 54, et seq., all of which require that public accommodations and facilities provide services to people with disabilities that are equal and not inferior to the services provided to patrons who are not physically disabled.

29. Defendants owe Plaintiff a mandatory duty to provide him full and equal access to accommodations, advantages, facilities, privileges and services of all business establishments. Plaintiff is a member of the class of individuals who are protected under these statutes.

30. Defendants' acts or omissions alleged by Plaintiff are a violation of statutory requirements including, the Americans with Disabilities Act, California Civil Code Sections 51 and 54, et seq. and public policy, therefore constituting negligence per se.

31. As a proximate result of the actions or inactions of Defendants, Plaintiff has suffered the harms that these statutes are designed to prevent.

32. Plaintiff requests special and general damages as well as statutory damages according to proof, as described herein.

## VII. FOURTH CLAIM FOR NEGLIGENCE

33. Plaintiff alleges and incorporates by reference each allegation stated in paragraphs 1 through 32, inclusive as set forth herein.

34. Defendants have a duty to exercise ordinary and reasonable care as set forth above.

35. Defendants have failed to exercise ordinary and reasonable care as set forth above.

36. As an actual and proximate result of Defendants' failure to exercise ordinary and reasonable care, Plaintiff suffered general and special damages.

37. As actual controversy exists, Plaintiff alleges that Defendants' property is in violation of the disabled access laws of the state of California including Civil Code Sections 51, 52, and 54, et seq., and Title III of the Americans with Disabilities Act and Accessibility Regulations.

## VIII. FIFTH CLAIM FOR DECLATORY RELIEF

38. Plaintiff alleges and incorporates by reference each allegation in paragraphs 1-37, inclusive, as though set forth fully herein.

39. A controversy exists as Plaintiff alleges that Defendants' premises are in violation of the disabled access laws of the state of California including, but not limited to, Civil Code

Sections 51, 52, and 54 et seq., and Title III of the Americans with Disabilities Act and accessibility Regulations.

## IX.  SIXTH CLAIM FOR INJUNCTIVE RELIEF

40. Plaintiff alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39, inclusive, as set forth herein.

41. Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies, practices, and procedures regarding accommodating people with disabilities, Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

42. Plaintiff seeks injunctive relief to redress his injuries.

## JURY TRIAL DEMAND

Plaintiff hereby requests a Jury Trial in this matter.

## CONCLUSION

WHEREFORE, Plaintiff prays for a judgment against the Defendants, WD TOMA, INC. dba HOT DOG BAR, ANTHONY L ALLOS LIVING TRUST 06-01-90, PETER P & DORIS K ALLOS LIVING TRUST 04-30-90 , and DOES 1 through 10.

1. An order enjoining Defendants from violating disabled access laws of the United States and of the State of California.

2. An order that the Court declare the respective rights and duties of Plaintiff and Defendant(s) as to the removal of architectural barriers at defendants' public accommodation and/or as to the modification of discriminatory policies, practices, and procedures.

3. Injunctive relief, compelling Defendant(s) to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.

4. An order awarding plaintiff actual, special and/or statutory damages for violations of his civil rights and for restitution including, but not limited to $4,000.00 in damages for each and offense in violation of Civil Code section 51, and/or $1,000.00 for each offense in violation of Civil Code Section 54, et seq. and for each occasion upon which Plaintiff was denied or deterred from availing himself of Defendant's facilities, good and services.

5. An order awarding punitive and exemplary damages according to proof.

6. An order awarding up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act and the Disabled Persons Act.

7. An order awarding Plaintiff reasonable attorney fees and costs.

8. An order awarding such other relief as the Court deems proper.

Dated: 05/02/2018

_____
MICHAEL A. TAIBI, Esq.
Attorney for Plaintiff
JERRY JACKSON